UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CHARLES DELANO READ,<br><br>             Petitioner,<br><br>   v.<br><br>E. VALENZUELA, Warden,<br><br>             Respondent.<br>_____/ | No. C 15-1346 LB<br><br>**ORDER DENYING REQUEST FOR COUNSEL**<br><br>[Re: ECF No. 4] |

    Petitioner, Charles Delano Read, has requested appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is required when there will be an evidentiary hearing. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The decision to appoint counsel otherwise generally is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. . An evidentiary hearing does not appear necessary at this time; if one does become necessary later, the court will appoint counsel on its own motion. Mr. Read's claims for federal habeas relief have been adequately presented, as he attached to his habeas petition a copy of the state

court appellate brief in which his state court appellate attorney briefed the same claims.  *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel was within discretion of district court where petitioner adequately presented issues in petition and accompanying memorandum).  The request for appointment of counsel is DENIED.  ECF No. 4.

**IT IS SO ORDERED.**

Dated: April 15, 2015

_____
LAUREL BEELER
United States Magistrate Judge