UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DELANO READ,<br><br>Petitioner,<br><br>v.<br><br>E. VALENZUELA,<br><br>Respondent. | Case No. 15-cv-01346-EMC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.     INTRODUCTION

Charles Delano Read filed this *pro se* action for a writ of habeas corpus under 28 U.S.C. § 2254. The Court issued an order to show cause why the writ should not be granted. Respondent has filed an answer and Mr. Gonzalez has filed a traverse. For the reasons explained below, the petition will be **DENIED**.

## II.     BACKGROUND

The petition now before the Court concerns Mr. Read's recent efforts to be resentenced under California's Three Strikes Reform Act of 2012, rather than his original conviction from 1996 and the sentence thereon imposed in 1997. Nonetheless, it is necessary to describe his conviction and sentence to evaluate his claims regarding the denial of his request for resentencing.

In 1996, Mr. Read was convicted in the San Mateo County Superior Court of possession of methamphetamine, possession of methamphetamine for sale, and two counts of being a felon in possession of a firearm. Docket No. 12-3 at 13. Sentencing enhancement allegations were found true that he "had been convicted of two prior serious or violent felonies" within the meaning of California Penal Code section 667(c)-(e); "had served three prior prison terms" within the meaning of California Penal Code section 667.5(b); and had previously been convicted of

violations of California Health and Safety Code sections 11379 and 11383(a), within the meaning of California Health and Safety Code section 11370.2(c). Docket No. 12-3 at 13. Mr. Read was sentenced in 1997 to a total of 109 years to life in prison. *Id.* at 1. On appeal, his conviction was reversed as to one of the felon-in-possession-of-a-firearm counts, and otherwise affirmed. His sentence then was recalculated to be 84 years to life in prison.

In 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012 ("the Reform Act"). The Reform Act provides that "under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction." *People v. White*, 223 Cal. App. 4th 512, 517 (Cal. Ct. App. 2014). (The details about the resentencing, and exclusions therefrom, are discussed later in this order.)

Mr. Read filed a petition in San Mateo County Superior Court to have his Three Strikes sentence recalled so that he could be resentenced under the Reform Act. The superior court held a hearing on May 31, 2013, and denied the petition. The superior court found that Mr. Read was ineligible for resentencing because he was armed with a firearm during the commission of the offense for which he received a Three Strikes sentence in 1997.

Mr. Read appealed from the denial of his petition to recall his sentence. On November 24, 2014, the California Court of Appeal affirmed the denial of his petition to recall his sentence in a reasoned decision. On February 11, 2015, the California Supreme Court denied his petition for review without comment. Mr. Read then filed this action.

Mr. Read's federal petition for writ of habeas corpus alleged three claims. First, he claimed that the denial of his petition to recall his sentence violated his rights under state law. That claim was dismissed earlier because federal habeas relief is not available for state law errors. *See* Docket No. 3 at 2-3. Second, Mr. Read claimed that the state court's failure to require the prosecutor to plead and prove the exception that made him ineligible for resentencing under the Reform Act violated his Fourteenth Amendment right to due process. *See* ECF No. 1-1 at 31.

Third, Mr. Read claimed that the "Sixth Amendment jury trial right preclude[d] the [superior] court from engaging in judicial factfinding for purposes of disqualifying a defendant from resentencing consideration under the Reform Act." *See id.* at 38.

The Court issued an order to show cause why the writ should not be granted on the due process and jury trial claims. Respondent has filed an answer and Mr. Read has filed a traverse. The matter is now ready for a decision on the merits.

### III.   JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the petition concerns the sentence of a person convicted and sentenced in San Mateo County, California, which is within this judicial district. 28 U.S.C. §§ 84, 2241(d).

### IV.   STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism And Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 to impose new restrictions on federal habeas review. A petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's

3

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" *Id.* at 409.

The state-court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). "When there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst*, 501 U.S. at 803. The presumption that a later summary denial rests on the same reasoning as the earlier reasoned decision is a rebuttable presumption and can be overcome by strong evidence. *Kernan v. Hinojosa*, No. 15-833, slip op. at 3 (U.S. May 16, 2016). Although *Ylst* was a procedural default case, the "look through" rule announced there has been extended beyond the context of procedural default and applies to decisions on the merits. *Barker*, 423 F.3d at 1092 n.3. In other words, when the last reasoned decision is a decision on the merits, the habeas court can look through later summary denials to apply § 2254(d) to the last reasoned decision.

## V.     DISCUSSION

A.     Three Strikes Reform Act

On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended California Penal Code sections 667 and 1170.12 -- the statutory sections containing California's Three Strikes law -- and added California Penal Code section 1170.126. The Reform Act had prospective and retrospective components. Mr. Read's case concerns the retrospective component of the Reform Act, i.e., section 1170.126's procedure for the recall of certain existing Three Strike sentences.[1]

---

[1] The Reform Act also had a prospective portion for persons sentenced after the November 7, 2012 effective date of the Reform Act. Under the prospective portion, "a defendant convicted of two

4

California Penal Code section 1170.126 provides, in relevant part:

> (a) The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.
>
> (b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.
>
> \* \* \*
>
> (e) An inmate is eligible for resentencing if:
>
> (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
>
> (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
>
> (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
>
> (f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to

---

prior serious or violent felonies is subject to the 25-year-to-life sentence only if the current third felony is a *serious or violent* felony." *People v. White*, 223 Cal. App. 4th 512, 517 (Cal. Ct. App. 2014).

> paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

The references in section 1170.126(e)(2) are important to Mr. Read's case. Under that subdivision, the inmate's sentence must *not* have been imposed for an offense in section 667(e)(2)(C)(i) to (iii) or section 1170.12(c)(2)(C)(i) to (iii).[2] Section 667(e)(2)(C) states:

> (C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following:
>
> (i) The current offense is a controlled substance charge, in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true.
>
> (ii) The current offense is a felony sex offense, defined in subdivision (d) of Section 261.5 or Section 262, or any felony offense that results in mandatory registration as a sex offender pursuant to subdivision (c) of Section 290 except for violations of Sections 266 and 285, paragraph (1) of subdivision (b) and subdivision (e) of Section 286, paragraph (1) of subdivision (b) and subdivision (e) of Section 288a, Section 311.11, and Section 314.
>
> (iii) During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.

1.  Background

In the 2013 proceedings on the petition to recall the sentence proceedings, the superior court found Mr. Read ineligible for resentencing because he had been armed with a firearm during the 1994 possession-of-methamphetamines offense for which he had been convicted in 1996. Although the court found in 2013 that he had been armed in the 1994 offense, Mr. Read had been

---

[2] California Penal Code sections 667 and 1170.12 have parallel provisions. The California Legislature's version of the Three Strikes law is found at California Penal Code section 667. The initiative version of the Three Strikes law is found at California Penal Code section 1170.12. The initiative version of the Three Strikes law was passed by the voters several months after the Legislature's version. The initiative's history demonstrates the unequivocal intent of the voters to adopt a sentencing scheme identical to the legislative version of the three strikes law, *see People v. Hazelton*, 14 Cal. 4th 101, 107 (1996).

6

1 charged and convicted in 1996 only of possession of a firearm, and had not been charged with any
2 offense or enhancement that required the prosecution to prove that he was armed with a weapon.
3     Mr. Read contends here, as he did in state court, that the Reform Act imposed a
4 requirement that any facts that disqualified him, and other inmates, from resentencing under the
5 Reform Act had to be pleaded and proved by the prosecution in the context of the resentencing
6 motion. He argues here, as he did in state court, that the Fourteenth Amendment's Due Process
7 Clause imposes this pleading and proof requirement.
8     The California Court of Appeal rejected Mr. Read's argument that there was a pleading
9 and proof requirement in the Reform Act:

> "[W]hen an *initial* sentencing for a current offense is at issue, there is a clear statutory pleading and proof requirement with respect to factors that disqualify a defendant with two or more prior strike convictions from sentencing as a second strike offender." (*Osuna, supra*, 225 Cal.App.4th at p. 1033, italics added; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058 (*Blakely*).)
>
> "Fairly read, however, section 1170.126 does not impose the same requirements in connection with the procedure for determining whether an inmate already sentenced as a third strike offender is eligible for *resentencing* as a second strike offender." (*Blakely, supra*, 225 Cal.App.4th at p. 1058; *White, supra*, 223 Cal.App.4th at p. 527 ["the pleading and proof requirement plainly is a part of only the prospective part of the Reform Act"].) It incorporates the disqualifying factors set forth in sections 667 and 1170.12, but not those sections' pleading and proof requirements. (*Blakely, supra*, 225 Cal.App.4th at p. 1058; *White, supra*, 223 Cal.App.4th at p. 527; *see also People v. Manning* (2014) 226 Cal.App.4th 1133, 1139; *People v. Bradford, supra*, 227 Cal.App.4th at p. 1332 ["no similar language in the resentencing statute"].) As resentencing is ultimately a discretionary act of leniency to an inmate with a valid life sentence, there is no superseding constitutional requirement that the basis for the denial of leniency have been pleaded and proved. (*Blakely, supra*, 225 Cal.App.4th at pp. 1060, 1063 ["Like facts invoked to limit the ability to earn conduct credits, facts invoked to render an inmate ineligible for downward resentencing do not increase the penalty for a crime beyond the statutory maximum, and so need not be pled or proved."]; *Osuna, supra*, 225 Cal.App.4th at pp. 1039–1040.)
>
> Since there is no pleading and proof requirement, "a trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading, under which the defendant was charged and convicted of possession of a firearm by a felon, did not allege he or she was armed with a firearm during the commission of that possession offense." (*White, supra*, 223

7

> Cal.App.4th at p. 527; *also People v. Elder* (2014) 227 Cal.App.4th 1308, 1314–1316.) The trial court may look to uncharged conduct manifest from examining "relevant, reliable, admissible portions of the record of conviction." (*Blakely, supra*, 225 Cal.App.4th at pp. 1059, 1063; *Osuna, supra,* 225 Cal.App.4th at p. 1030 [relying on prior appellate court decision]; *see also* Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Aug. 2014) pp. 17, 32 ["Nothing requires a sentence to be imposed for a specific disqualifying factor" and "[i]t seems likely that if the entire record of conviction can be used in determining the existence of a strike for an original sentencing proceeding, the same record can be used in determining whether a person qualifies for second strike sentencing under Proposition 36"].

*People v. Read*, 2014 WL 6657586, at *4 (Cal. Ct. App. Nov. 24, 2014) (alterations in original).

As the last reasoned decision from a state court, the California Court of Appeal's 2014 decision is the decision to which § 2254(d) is applied. Mr. Read is entitled to habeas relief only if the California Court of Appeal's decision was contrary to, or an unreasonable application of, clearly established federal law.

2. Analysis

A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988). Thus, the starting point in the analysis of Mr. Read's habeas challenge to the denial of his petition for recall of his sentence is to accept that the law of California is that the prosecution is not required to plead or prove the exception -- here, that the petitioner was armed during the offense -- that makes him ineligible for resentencing. This Court cannot revisit that state law determination.

It is clearly established law that "the sentencing process . . . must satisfy the requirements of the Due Process Clause." *Gardner v. Jones*, 430 U.S. 349, 358 (1977). For example, due process requires that a sentence not be predicated on materially untrue information, *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948) (due process was offended by court's careless misunderstanding of defendant's criminal history used for sentencing purposes), but due process does not impose the same evidentiary requirements at sentencing as demanded for trial, *Williams v. New York*, 337 U.S. 241, 250-51 (1949) (judge's imposition of the death penalty after he considered information in a probation department report and other sources not presented at trial

did not offend due process). And due process forbids a sentence in excess of that allowed by statute. *See Ex parte Lange*, 18 Wall. 163, 176-78 (1874) (court with jurisdiction to impose a certain penalty has no power to impose a judgment for a greater penalty; such a judgment would be in excess of the authority of the court and forbidden by the Constitution); *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (state sentencing provision requiring jury to impose sentence gave defendant "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion," and due process was violated by the state appellate court's affirmance of the sentence imposed "simply on the frail conjecture that a jury *might* have imposed a sentence equally as harsh" as that imposed by the jury under the mandatory sentencing procedure ruled unconstitutional after defendant's trial). A misapplication of a state's sentencing law will violate due process only if the misapplication was arbitrary or fundamentally unfair. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

     The California Court of Appeal's rejection of Mr. Read's due process claim was not contrary to. or an unreasonable application of, any clearly established law as set forth by the U.S. Supreme Court. As the California Court of Appeal determined, California law does not impose a duty on the prosecutor to plead and prove the fact that disqualifies the prisoner from resentencing under the Reform Act. This Court accepts that state law determination by the California Court of Appeal, as it is a purely state law determination. *See Bradshaw v. Richey*, 546 U.S. at 76. Mr. Read has not identified any Supreme Court holding that the Fourteenth Amendment's Due Process Clause applies at all to a resentencing proceeding, let alone imposes a requirement that the fact disqualifying an inmate from resentencing be pleaded and proven by the prosecutor. Even if a pleading and proof requirement existed for the original sentencing upon a conviction, a resentencing proceeding is a different sort of creature, as it is an act of lenity for an otherwise valid sentence. *See Dillon v. United States*, 560 U.S. 817, 828 (2010) (federal procedure for resentencing "represents a congressional act of lenity" and Sixth Amendment jury trial right does not apply). (*Dillon* is discussed in more detail in the next section, which addresses Mr. Read's

jury trial claim.) There is no Supreme Court precedent holding that due process is violated when the prosecutor is not required to plead and prove a fact that the court relies upon to determine that the prisoner is disqualified from a discretionary reduction of a lawfully imposed sentence.

The absence of any Supreme Court decision requiring the prosecutor to plead and prove facts which make a prisoner ineligible for a sentence reduction procedure is fatal to Mr. Read's claim. "If Supreme Court cases 'give no clear answer to the question presented,' the state court's decision cannot be an unreasonable application of clearly established federal law." *Ponce v. Felker*, 606 F.3d 596, 604 (9th Cir. 2010) (quoting *Wright v. Van Patten*, 552 U.S. 120, 126 (2008)). Here, given the dearth of Supreme Court authority, Mr. Read cannot surmount the difficult hurdle of 28 U.S.C. § 2254(d)(1) (no federal habeas relief on claim adjudicated on the merits in state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States").[3] Mr. Read is not entitled to the writ on his claim that his right to due process was violated when the superior court did not require the prosecutor to plead and prove the exception (i.e., that he was armed during the offense) that made him ineligible for resentencing.

B.   Sixth Amendment Jury Trial Claim

As noted earlier, the superior court determined that Mr. Read was ineligible for resentencing under the Reform Act because the judge determined in 2013 that Mr. Read had been armed in the commission of his drug offense in the 1994 that led to his Three Strikes sentence imposed in 1997. Mr. Read contends that the "judicial factfinding" that led the superior court to determine that he was disqualified from resentencing consideration under the Reform Act violated

---

[3] This Court did not locate any cases granting federal habeas relief based on the denial of a petition to recall and resentence under the Reform Act. To the contrary, what the Court has found are numerous rejections of habeas petitions challenging the California courts' application and interpretation of § 1170.126. *See, e.g., Mitchell v. Soto*, 2015 WL 1119683, at *4-6 (E.D. Cal. Mar. 11, 2015) (petitioner found ineligible for resentencing under § 1170.126 could not state a colorable federal constitutional claim); *Burroughs v. Davis*, 2015 WL 3867928, at *4-*5 (C.D. Cal. May 26, 2015) (petitioner's challenge to the denial of his petition to recall and reduce his sentence under § 1170.126 did not state a claim for a federal constitutional violation); *id.* at *5 (collecting cases stating same); *Cooper v. Supreme Ct. of Cal.,* 2014 WL 198708, at *2 (C.D. Cal. Jan. 16, 2014) (rejecting as noncognizable petitioner's federal due process challenge to state courts' denial of his application for resentencing under the Three Strikes Reform Act).

his Sixth Amendment right to a jury trial. Docket No. 1-1 at 38. Mr. Read urges that a jury had to decide that he was armed during the commission of his drug offense before the superior court could determine that he was disqualified from resentencing.

The California Court of Appeal rejected Mr. Read's claim of a violation of his Sixth Amendment right to a jury trial. The state appellate court stated that, in proceedings under section 1170.126, the "trial court does not run afoul of the Sixth Amendment by not submitting the question of arming to a jury." *People v. Read*, 2014 WL 6657586, at *4 n.2 (citing *People v. Blakely*, 225 Cal. App. 4th at 1059-63; *People v. Brimmer,* 230 Cal. App. 4th 782, 805 (Cal. Ct. App. 2014)).

The only U.S. Supreme Court case on point, *Dillon v. United States*, 560 U.S. 817 (2010), is adverse to Mr. Read's position. *Dillon* concluded that proceedings to modify an otherwise final sentence are on a different footing from original sentencing proceedings and, unlike original sentencing proceedings, do not implicate the right to a jury trial.

*Dillon* addressed sentence modification proceedings in federal court following changes to the Federal Sentencing Guidelines to reduce the sentencing disparities for crack and powder cocaine drug offenses. A federal statute provided generally that a court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), but contained an exception for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Federal Sentencing Commission." 18 U.S.C. § 3582(c)(2). Such a defendant's sentence could be reduced if the reduction was consistent with applicable policy statements from the Federal Sentencing Commission. One policy statement provided that the sentence reduction could not go below a specified minimum. The question in *Dillon* was whether the Supreme Court's earlier "decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory to remedy the Sixth Amendment problems associated with a mandatory sentencing regime, requires treating [the policy statement] as nonbinding." *Dillon*, 560 U.S. at 819. The Supreme Court in *Dillon* held that *Booker* did not require that the policy statement be treated as nonbinding because, unlike original sentencing proceedings, the Sixth Amendment did not apply to sentence modification proceedings under § 3582(c)(2). The

United States District Court
For the Northern District of California

Supreme Court rejected the argument that there was no practical or functional difference between proceedings under § 3582(c)(2) and original sentencing or sentencing upon remand. *Dillon,* 560 U.S. at 825. "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826.

> Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*. Notably, the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled. We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines.
>
> Viewed that way, proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. Taking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range. "[J]udges in this country have long exercised discretion of this nature in imposing sentence *within [established] limits* in the individual case,*"* and the exercise of such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts. *Apprendi v. New Jersey*, 530 U.S. 466, 481, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis in original). Because § 3582(c)(2) proceedings give judges no more than this circumscribed discretion, "[t]here is no encroachment here by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark at trial between the State and the accused." *Oregon v. Ice*, 555 U.S. 160, –, 129 S. Ct. 711, 713, 172 L.Ed.2d 517 (2009).

*Dillon*, 560 U.S. at 828-29 (alteration in original).

The California Court of Appeal's rejection of Mr. Read's Sixth Amendment claim was not contrary to, or an unreasonable application of, clearly established law as set forth by the U.S. Supreme Court. Although not citing *Dillon* directly to reject Mr. Read's claim, the California Court of Appeal cited two other state appellate cases, *Blakely*, 225 Cal. App. 4th at 1059-63, and *Brimmer*, 230 Cal. App. 4th at 805, which did cite and rely on *Dillon*. The California Court of Appeal reasonably could determine that *Dillon*'s holding stood for the proposition that sentence modification proceedings made available after the imposition of a lawful sentence did not implicate the Sixth Amendment right to trial by jury.

12

1       Like the federal statute at issue in *Dillon*, California's Reform Act does not call for plenary
2  resentencing and instead allows limited resentencing on a limited portion of a sentence for a
3  limited group of prisoners.  Under California Penal Code section 1170.126(f), if the prisoner meets
4  specified criteria and avoids specified excluders, he "shall be resentenced" as a second strike
5  defendant, i.e., his "determinate term or minimum term for an indeterminate term shall be twice
6  the term otherwise provided."  Cal. Penal Code § 667(e)(1); § 1170.12(c)(1).  *Cf. Dillon*, 560 U.S.
7  at 827 (district court must follow the Federal Sentencing Commission's instructions "to determine
8  the prisoner's eligibility for a sentence modification and the extent of the reduction authorized").
9  Under California Penal Code section 1170.126(a) the resentencing provisions "are intended to
10 apply exclusively" to persons with an indeterminate term under the Three Strikes law.  *Cf. Dillon*,
11 560 U.S. at 825-26 ("It is also notable that the provision applies only to a limited class of
12 prisoners--namely, those whose sentence was based on a sentencing range subsequently lowered
13 by the Commission.")  And under California Penal Code section 1170.126(h), if resentencing is
14 done, the new sentence cannot be longer than the original sentence.  *Cf. Dillon*, 560 U.S. at 828
15 (any facts found by a judge do not increase the sentence, and instead only affect the judge's
16 exercise of discretion within the range of punishment lawfully allowed).  These similarities
17 between California's Reform Act procedures and the federal sentence modification procedures at
18 issue in *Dillon* -- where the U.S. Supreme Court determined the Sixth Amendment jury trial right
19 did not apply -- reasonably supported the California Court of Appeal's conclusion that the Sixth
20 Amendment jury trial right did not apply to Mr. Read's petition to recall his sentence under the
21 Reform Act.
22      It would not have been an unreasonable application of, or contrary to, *Dillon* for the
23 California Court of Appeal to view the Reform Act as an "act of lenity" by the California voters
24 "intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in"
25 California's Three Strikes law, which did "not implicate the Sixth Amendment right to have
26 essential facts found by a jury beyond a reasonable doubt."  *Dillon*, 560 U.S. at 828.  Mr. Read is
27 not entitled to the writ on his Sixth Amendment jury trial claim.
28      Finally, the Court notes that Mr. Read argues in his traverse that the evidence against him

13

at his trial in 1996 was weak. The argument is irrelevant to a resolution of his habeas petition challenging the denial of his petition for resentencing. If Mr. Read wants to challenge in federal court to his 1996 conviction and 1997 sentence, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254. By noting that the method to challenge the original conviction and sentence is to file a new petition for writ of habeas corpus, the Court is only identifying the proper method to assert such a challenge and is not suggesting that such a challenge would succeed. There is a one-year statute of limitations for filing a federal petition for writ of habeas corpus, *see* 28 U.S.C. § 2244(d), which may have expired many years ago for a challenge to Mr. Read's 1996 conviction and 1997 sentence.

C.  No Certificate of Appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is **DENIED**.

## VI.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED** on the merits. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: June 20, 2016

_____
EDWARD M. CHEN
United States District Judge